# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSHUA ANTHONY JAMES BUTLER** | : | **CIVIL ACTION** |
| v. | : | **NO. 19-515** |
| **OFFICER LOMBARDO** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                           **November 4, 2019**

An inmate claiming a correctional officer violated his civil rights by failing to protect him from a prison block worker or possibly another inmate who cut him with a knife at an unidentified time must allege the officer's deliberate indifference to a substantial risk to the inmate's health and safety and this deliberate indifference caused him harm. He needs to plead facts and not guesswork. Supposing someone cut him during the overnight period sometime in an earlier twelve-day period does not plead deliberate indifference by the correctional officer. We today have no basis from the *pro se* amended complaint to proceed on a civil rights claim against a correctional officer based on knife cuts caused by either a prison block worker or someone else sometime during the night within a twelve-day period over the yearend holidays. From a reading of the civil rights claim, the correctional officer's only connection to these alleged assaults is working at the jail. Absent pleading of the officer's deliberate indifference allowing a prison block worker or other unidentified person to possibly access a cell and cut the complaining inmate at some unidentified time, we must dismiss the amended complaint. We will allow the *pro se* prisoner leave to timely file a second amended complaint if he can in good faith or we will dismiss with prejudice.

## I. *Pro se* **alleged facts**

On January 2, 2019, while detained in Berks County Jail awaiting his criminal trial in state court, Joshua Anthony James Butler discovered two knife wounds on his buttocks, "one being a gash and one being a nix [*sic*]."[1] He reported to the jail's nurse, who diagnosed his injury as a rash and offered to treat the rash with antibiotics.[2] Mr. Butler declined treatment "because [he] knew showering with [his] dial antibacterial soap would prevent infection . . . ."[3]

While he discovered the knife wounds on January 2, 2019, Mr. Butler alleges these knife assaults occurred sometime between December 20, 2018 and December 31, 2018 between "11pm to 6am, when the lights are out."[4] He pleads "Officer Lombado [*sic*] allowed the block worker Matthis Brown to enter into my cell to cut me while I was sleeping."[5] Mr. Butler "believe[s] Officer Lambado [*sic*]; allowed, Block worker: Matthis [Brown], or, *this other Spanish inmate, whos [sic] name I do not know*, to enter into my room to stab me, while I was asleep."[6]

## II. **Analysis**

Officer Lombardo moves to dismiss Mr. Butler's amended complaint.[7] We grant his motion in an accompanying Order.

### *Mr. Butler fails to plead Officer Lombardo failed to protect him.*

Officer Lombardo moves to dismiss Mr. Butler's claim against him.[8] We liberally construe Mr. Butler's *pro se* claim against Officer Lombardo as alleging Officer Lombardo failed to protect him from this alleged assault on an unknown date.[9]

Our Court of Appeals recognized "the right to be free from physical attack and injury as a liberty interest protected by the Due Process Clause" and the viability of prisoner failure-to-protect claims.[10] To state a failure-to-protect claim, a prisoner "must plead facts . . . show[ing] (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was

2

deliberately indifferent to [the] substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm."[11]

"An official acts with deliberate indifference when he . . . knows of and disregards a substantial risk of serious harm to inmate health and safety."[12] Mr. Butler must plead (1) the conditions of his incarceration in the Berks County Jail posed a substantial risk of serious harm, (2) Officer Lombardo's subjective awareness and disregard of the risk of harm to Mr. Butler's health or safety, and (3) Officer Lombardo's disregard of the risk caused his harm.[13]

Mr. Butler's amended complaint fails to plead these elements. He does not plead (1) Mr. Butler's incarceration under conditions posing a substantial risk of serious harm, (2) Officer Lombardo's deliberate indifference to a substantial risk to Mr. Butler's health and safety, and (3) harm caused by Officer Lombardo's deliberate indifference. Mr. Butler admits a range of dates during which a possible assault occurred.[14] He acknowledges the attack occurred during "lights out" and "while [he] was asleep."[15] He is unsure of who attacked him, or when, or how. We do not know the role of the block worker in the jail or the relationship between the block worker and Officer Lombardo.

At most, Mr. Butler alleges Officer Lombardo allowed either block worker Matthis or "this other Spanish inmate, whos [sic] name [Mr. Butler] do[es] not know" to enter Mr. Butler's cell and attack him.[16] Without more, Mr. Butler's claim is insufficient because he does not plead facts claiming Officer Lombardo knew of a risk to his safety. Even if Officer Lombardo did leave Mr. Butler's cell open or otherwise allow another inmate to access Mr. Butler's cell, Mr. Butler fails to allege Officer Lombardo subjectively knew of any substantial risk of harm Mr. Butler might face. Further undercutting his claim, Mr. Butler avers Officer Lombardo allowed another person to cut him "for some reason."[17]

3

Mr. Butler fails to state a claim for failure to protect against Officer Lombardo because the allegations. Mr. Butler does not plead a plausible claim of deliberate indifference. We dismiss Mr. Butler's claim against Officer Lombardo without prejudice and grant him leave to timely amend should he be able to do so consistent with this Memorandum and his obligations under Federal Rule 11.

## III. Conclusion

We dismiss Mr. Butler's failure-to-protect claim against Officer Lombardo because he failed to allege sufficient facts showing (1) Mr. Butler's incarceration under conditions posing a substantial risk of serious harm, (2) Officer Lombardo's deliberate indifference to a substantial risk to Mr. Butler's health and safety, and (3) harm caused by Officer Lombardo's deliberate indifference.

---

[1] ECF Doc. No. 7 at IV(D).

[2] *Id.* at IV(D)-V.

[3] *Id.* at V.

[4] *Id.* at IV(C)-(D).

[5] *Id.* at IV(B).

[6] *Id.* (emphasis added).

[7] ECF Doc. No. 22. We dismissed Mr. Butler's initial complaint against the Berks County Jail as he must plead a "person" violated his civil rights either directly or as a supervisor. ECF Doc. No. 5. We granted Mr. Butler leave to file an amended complaint. *Id.* He sued Officer Lombardo and Mr. Brown but then failed to prosecute the case against Mr. Brown and we dismissed him after Mr. Butler failed to respond to our rule to show cause. ECF Doc. Nos. 17, 18.

When considering a motion to dismiss for failure to state a claim "[w]e accept as true all allegations in the plaintiff's complaint as well as reasonable inferences ... can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882

4

F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief ... plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content ... allows the court to draw the reasonable inference ... the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Our Court of Appeals requires us to apply a three-step analysis when deciding a 12(b)(6) motion: (1) "[we] must 'take[] note of the elements [the] plaintiff must plead to state a claim;'" (2) "[we] should identify allegations ..., 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[W]hen there are well-pleaded factual allegations, [we] should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

Despite *Iqbal*'s heightened pleading requirements, the district court must be more flexible in its interpretation of *pro se* pleadings." *Boyer v. Mohring*, 994 F. Supp. 2d 649, 654 (E.D. Pa. 2014); *see Higgs v. Attorney General of the United States*, 665 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) ("[W]hen presented with a *pro se* litigant, we 'have a special obligation to construe his complaint liberally.'" (quoting *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999))).

[8] Officer Lombardo argues "[Mr.] Butler does not expressly identify the grounds for which he asserts a violation of his Constitutional Rights" but identifies a failure to protect claim as "a 'possible' asserted claim." *Id.* at p. 4 n.2.

[9] Because Mr. Butler brings this case as a pretrial detainee, the Eighth Amendment is inapplicable. But "courts have determined . . . the rights afforded pretrial detainees under the due process clause are at least as great as those afforded by the Eighth Amendment." *Faulcon v. City of Philadelphia*, 18 F. Supp. 2d 537, 540 (E.D. Pa. 1998) (citing *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1067 (3d Cir. 1991)). "Therefore, courts analyzing cases by pretrial detainees apply the same standard of deliberate indifference applied to the eighth amendment cases." *Id.*

[10] *E. D. v. Sharkey*, No. 16-2750, 2017 WL 2126322, at *4 (E.D. Pa. May 16, 2017) (citing *Davidson v. O'Lone*, 752 F.2d 817, 821-22 (3d Cir. 1984), *aff'd sub nom. Davidson v. Cannon*, 474 U.S. 344 (1986)).

[11] *Parkell v. Markell*, 622 F. App'x 136, 139 (3d Cir. 2015) (per curiam) (quoting *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012)).

[12] *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

[13] *Sharkey*, 2017 WL 2126322, at *4 (citing *Farmer*, 511 U.S. at 837; *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003)).

[14] ECF Doc. No. 7 at IV(C).

[15] *Id.* at IV(C); p. 12.

[16] *Id.*

[17] *Id.* at II(D).